Dillon, J.
The relator was a candidate for nomination for city council from the fourth ward in the city of Columbus at the Republican primary election on the 12th day of September, 1907, and alleges that at said election the judges in precinct “M” of said ward refused to count for the relator two ballots because the same were marked with blue pencil, and that said ballots so rejected were sealed in an. envelope and returned to the canvassing board with the other election returns. The relator has requested and demanded of said canvassing board that it open the envelope and hear and determine the question as to whether or not said ballots should be counted and to declare the result accordingly i A further allegation is made that without said disputed ballots the relator received a total of four hundred and two votes, and his highest competitor a total of four hundred and four votes.
The answer admits the facts above set forth and states that in accordance with the written request of said relator the said board declined to act, and decided that it did not have the power to open the sealed envelope or to count any ballots that might be found therein. A demurrer is interposed to the answer. The *287 question involved is solely One of construction of that part of the Ohio primary law now known as Sections 2916 to 2921a inclusive.
Under the general election laws it is provided by Section 24 (Revised Statutes, 2966-39) that if any ballots are cast and counted or left uncounted, concerning the legality of which there is any doubt or difference in the opinion in the minds of the judges of election, said ballots shall not be destroyed, but sealed up and returned to the deputy state supervisors with the returns of the election, for such judicial or other investigation as may be necessary. This provision does not give the power to the four deputy state supervisors, commonly called the board of elections, to sit and determine how said disputed ballots shall be counted but they are mere custodians for the safe keeping thereof until such time as the question may be properly raised by judicial determination, and in construing this section the Supreme Court in the case of State, ex rel, v. Tanzey et al, 49 O. S., 656, has held that the said board is without authority to hear evidence or to explain the tally sheet or to open or count ballots returned, concerning the legality of which there is doubt or difference of opinion in the minds of the judges of election. • The court in that case at page 661 says that the aforesaid provision of Section 24 was intended to preserve the ballots only, and confers no authority upon the board to enter upon the investigation or to hear and determine the questions arising therefrom.
' Passing from this general election law to the primary law involved in this ease it is provided, among other things, by Section 2919 that “primary elections shall be conducted as required by the laws governing the conduct of general elections so far as the same may be applicable.” It is further provided that “judges and clerks shall be charged with the same powers and duties. ’ ’
So far, therefore, it is clear that it was the plain duty of the judges in precinct “M” of the fourth ward to seal up and transmit to the canvassing board the ballots' concerning which there was doubt or dispute. The canvassing board by this act is differently constituted from the regular board of elections in that it consists of not only the four members of the board of *288 elections, but also with the addition of the chairman of the- executive committee of the party ordering such primary election, these five men constituting what is called the canvassing board. The section further provides that this canvassing board “shall canvass the returns of such primary election, determine all matters relative thereto and certify the results of such primary election to the executive or controlling committee ordering such primary election.” By this act therefore the canvassing board is given the power which is wanting in the board of elections at the regular election. That this provision was placed in the act advisedly, and that its meaning is plain, I do not think admits of serious question. This canvassing board therefore has a power conferred upon it which is not conferred upon the deputy supervisors and inspectors in the case of a general election. Moreover their duty is by law mandatory. It would be a sufficient answer to the question involved to say that where the law peremptorily requires, the board shall determine all matters relative to the returns made to them in a primary, it should be construed to mean what those plain words indicate. The statute gives to this canvassing board that power to hear and determine, and makes it mandatory upon them to do so. While this court can not, therefore, interfere with those things which are discretionary in a quasi judicial body, it is incumbent upon this court to require the board to perform the duty. The demurrer to the answer is therefore sustained, and a peremptory writ of mandamus is issued against said board requiring it to proceed to open the sealed envelope and determine the question involved thereby.
C. D. Shoemaker, for plaintiff.
Prosecuting Attorney, for defendant.